**IN AND FOR THE THIRTEENTH
JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR HILLSBOROUGH COUNTY,
FLORIDA – CIVIL/COUNTY DIVISION**

KRISTEN L. EMRICH,

     Plaintiff,

                                     Case No.

v.

                                     Division:

ALLY FINANCIAL, INC.,

     Defendant.

## COMPLAINT

Plaintiff, Kristin Emrich ("Plaintiff"), files suit against Defendant, Ally Financial, Inc. ("Defendant"), and alleges as follows:

### Introduction, Jurisdiction and Venue

1.     Defendant knowingly continues to collect an illegitimate debt from Plaintiff and has spread false information affecting Plaintiff's reputation in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA") and Florida's Credit Collections Practices Act, Section 559.55 *et seq.*. Florida Statutes ("FCCPA").

2.     Prior to retaining counsel, Plaintiff attempted in good faith to resolve this matter directly with Defendant to no avail.

3.     This suit is for damages in excess of $15,000.00, excluding court costs and attorney's fees.

4.    Plaintiff is an individual domiciled in Hillsborough County, Florida.

5.    Defendant is a foreign corporation authorized to do business in Florida with its headquarters located in Detroit, Michigan. Defendant transacts business and has branch offices across the United States, and specifically it conducts business in Hillsborough County, Florida.

6.    As such, venue is proper in Hillsborough County, Florida.

7.    Defendant is a "person" as that term is defined by Fla. Stat. § 1.01(3).

8.    The FCCPA applies to any "person" collecting or attempting to collect a consumer debt. E.g., Gann v. BAC Home Loans Servicing LP, 145 So. 3d 906 (Fla. 2d DCA 2014); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 811-12 (Fla. 4th DCA 2002).

9.    All conditions precedent to bring this claim either were performed, occurred or were waived.

10.   Plaintiff retained the undersigned counsels and has obligated herself to the payment of a reasonable attorney's fee for the prosecution of this action.

**Facts Common to All Counts**

11.   Plaintiff re-alleges and reincorporates paragraphs 1 through 10 above.

12.   Plaintiff co-signed a Retail Installment Sale Contract for the purchase of a used 2015 Hyundai Elantra on July 23, 2016, for her father-in-law, Scott Emrich, from Courtesy Hyundai ("**Contract**"), a true and correct copy is attached as **Exhibit A**.

13.   The Contract was financed by Defendant. *See* Exhibit A.

14.   Subsequently, the vehicle was involved in an accident and determined to be a total loss.

15. Among the insurance proceeds for the vehicle, including the Gap insurance policy included with the Contract and a refund of the warranties include with the Contract, Defendant received payment for the outstanding balance on the vehicle.

16. Following receipt of the funds above, Defendant sent Plaintiff correspondence dated February 20, 2018, stating "Congratulations on paying off your auto financing!" ("**Payoff Letter**"), a true and correct copy is attached as **Exhibit B**.

17. Defendant included with the Payoff Letter Plaintiff's original Contract stamped "Paid in Full." *See* top right corner of Exhibit A

18. Nevertheless, in an attempt to collect a debt, Defendant thereafter sent Plaintiff an invoice for $288.11 dated March 6, 2018, a true and correct copy of which is attached as **Exhibit C**.

19. Confused by the invoice as Plaintiff understood her Contract to be "Paid in Full" and paid off, Plaintiff contacted Defendant by phone several times in an attempt to get an explanation as to why they were invoicing her for a paid in full obligation.

20. Plaintiff was given several different explanations by Defendant each time she contacted them and eventually was unable to get any resolution or clear answer to her paid in full obligation.

21. Meanwhile, Defendant added to the confusion as it continued to invoice Plaintiff in an attempt to collect a debt for varying amounts as evidenced by Defendant's correspondence dated April 19, 2018, which then claimed $353.22 was due, a true and correct copy is attached as **Exhibit D**.

22.    Defendant is furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

23.    During this period of time, Defendant furnished information regarding Plaintiff to consumer reporting agencies referencing her account as past due and delinquent, even though Defendant returned the Contract stamped "Paid in Full."

24.    On June 14, 2018, Plaintiff made formal written notification to Defendant of her dispute of their reporting her as past due and delinquent on Plaintiff's credit report and demanded Defendant make a proper validation of the alleged debt, and to take corrective action, a true and correct copy is attached as **Exhibit E**.

25.    In accordance with FCRA, on or about May 24, 2018, and on June 14, 2018, Plaintiff made formal written notification to Experian, Equifax and TransUnion (these are the major credit reporting agencies ("CRA")), disputing the existence of any remaining debt or delinquency from Defendant on Plaintiff's credit report following the pay-off of her vehicle on February 19, 2018, true and correct copies are attached as **Composite Exhibit F**.

26.    The CRAs promptly and properly gave notice to Defendant of Plaintiff's dispute, in accordance with the FCRA. However, Defendant failed to modify, delete or block the inaccurate information it reported on Plaintiff even after supposedly conducting an investigation and previously returning the Contract stamped "Paid in Full."

27.    Instead, Defendant validated the delinquency and debt and reported and continues to report inaccurate information as to Plaintiff to the CRAs and Plaintiff has suffered damages as a result of Defendant's conduct.

28.     Following Plaintiff's credit dispute and in line with Defendant's varying explanations of the alleged debt, it continued to send her invoices for differing amounts as exemplified by its correspondence dated September 5, 2018, then claiming a balance due of $156.84 and subsequent invoice dated September 9, 2018, true and correct copies are attached as **Composite Exhibit G**.

29.     On July 6, 2018, Defendant sent Plaintiff additional correspondence referencing her account was sent to collections to its "Asset Recovery Center," a true and correct copy is attached as **Exhibit H**.

30.     Thereafter, and despite its previous correspondence advising Plaintiff her account was referred for collection, Defendant sent Plaintiff yet another invoice on July 10, 2018, this time claiming $156.84 remained due on her account, a true and correct copy of which is attached as **Exhibit I**.

### Fair Credit Reporting Act
### Count I: 15 U.S.C. §1681n – Willful Violations

31.     Plaintiff re-alleges and reincorporates paragraphs 1-30 above.

32.     The FCRA, 15 U.S.C. §§ 1681, *et seq.*, closely regulates credit reporting activities and provides remedies for the failure to properly so report and maintain consumer credit records. The FCRA imposes affirmative duties on the furnishers of credit information such as Defendant, to assure the accuracy of that information when reporting it to CRAs, and have duties under 15 U.S.C. §§ 1681s-2(b) to investigate and respond promptly to notices of consumer disputes.

33.     Defendant received notice of Plaintiff's dispute regarding the alleged debt following the payoff of her vehicle, in accordance with the FCRA.

34.    Defendant had actual knowledge that it ended any relationship it had with Plaintiff as early as February 19, 2018, when it stamped the Contract "Paid in Full" and then returned it to Plaintiff with a letter congratulating her on paying off her auto financing. *See* Exhibit B.

35.    Defendant willfully violated the FCRA by failing to comport with Section 1681s-2(b) as it failed to reasonably investigate the inaccurate information it supplied to the CRAs as to the Plaintiff's account despite having actual knowledge that it terminated the Contract by marking it "Paid in Full" and had returned it to her thereby ending all contractual liabilities.

36.    Defendant willfully violated the FCRA as it knew the information it reported was inaccurate or incomplete and it failed either 1) to modify the information it reported; 2) to delete the information it reported as to Plaintiff; or 3) to permanently block the reporting of the information as to Plaintiff as required by 15 U.S.C. §§ 1681s-2(b)(1)(E).

37.    Defendant willfully failed to report its inaccuracies concerning Plaintiff to the CRAs in compliance with the FCRA as required by 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D), and instead verified the inaccurate information despite having actual knowledge that no debt could be owed on a "Paid in Full" Contract.

38.    Defendant's inaccurate and incomplete credit reporting as to Plaintiff has caused damage to Plaintiff's credit reputation, caused her embarrassment and emotional distress.

**WHEREFORE,** Plaintiff demands this Court enter judgment against Defendant for all damages, actual and statutory, whichever is greater, attorney's fees and costs as provided in any applicable contract, statute or rule, together with any such other and further relief as the Court deems just and proper.

## Fair Credit Reporting Act

### Count II: 15 U.S.C. §1681n – Negligent Violations

39.     Plaintiff re-alleges and reincorporates paragraphs 1-30 above.

40.     This Count for negligent violations of the FCRA is pled in the alternative to Count I.

41.     The FCRA, 15 U.S.C. §§ 1681, *et seq.*, closely regulates credit reporting activities and provides remedies for the failure to properly so report and maintain consumer credit records. The FCRA imposes affirmative duties on the furnishers of credit information such as Defendant, to assure the accuracy of that information when reporting it to CRAs, and have duties under 15 U.S.C. §§ 1681s-2(b) to investigate and respond promptly to notices of consumer disputes.

42.     Defendant received notice of Plaintiff's dispute regarding the alleged debt following the payoff of her vehicle, in accordance with the FCRA.

43.     Defendant had actual knowledge that it ended any relationship it had with Plaintiff as early as February 19, 2018, when it stamped the Contract "Paid in Full" and then returned it to Plaintiff with a letter congratulating her on paying off her auto financing. *See* Exhibit B.

44.     Defendant negligently violated the FCRA by failing to comport with Section 1681s-2(b) as it failed to reasonably investigate the inaccurate information it supplied to the CRAs as to the Plaintiff's account despite having actual knowledge that it terminated the Contract by marking it "Paid in Full" and had returned it to her thereby ending all contractual liabilities.

45.     Defendant negligently violated the FCRA as it should have known the information it reported was inaccurate or incomplete and it failed either 1) to modify the information it reported; 2) to delete the information it reported as to Plaintiff; or 3) to permanently block the reporting of the information as to Plaintiff as required by 15 U.S.C. §§ 1681s-2(b)(1)(E).

46.     Defendant negligently failed to report its inaccuracies concerning Plaintiff to the CRAs in compliance with the FCRA as required by 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D), and instead verified the inaccurate and incomplete information despite having actual knowledge that no debt could be owed on a "Paid in Full" Contract.

47.     Defendant's inaccurate and incomplete credit reporting as to Plaintiff has caused damage to Plaintiff's credit reputation, caused her embarrassment and emotional distress.

**WHEREFORE**, Plaintiff demands this Court enter judgment against Defendant for all damages, actual and statutory, whichever is greater, attorney's fees and costs as provided in any applicable contract, statute or rule, together with any such other and further relief as the Court deems just and proper.

### Florida's Credit Collection Practices Act

### Count III – Section 559.72, Florida Statutes

48.     Plaintiff re-alleges and reincorporates paragraphs 1-30 above.

49.     This is a Count for violations of the FCCPA and pled in addition to Counts I and II above.

50.     Defendant violated Fla. Stat. § 559.72(5) by disclosing information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the information is false.

51.    Defendant violated Fla. Stat. § 559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

52.    Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

53.    Defendant violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce the debt when Defendant knew the debt was not legitimate.

54.    Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to statutory damages sustained as a result of Defendant's failure to comply with Fla. Stat. §§ 559.72(5), (6), and (7).

**WHEREFORE**, Plaintiff demands this Court enter judgment against Defendant for all damages, actual and statutory, whichever is greater, attorney's fees, litigation and costs of suit, together with any such other and further relief as the Court deems just and proper.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

55.    Plaintiff incorporates Paragraphs 1 through 30 above as if fully set forth herein.

56.    This is a Count for injunctive relief pursuant to the FCCPA and pled in addition to Counts I, II, and III above.

57.    Pursuant to the FCCPA, Fla. Stat. § 559.77(2), Plaintiff seeks a declaration that Plaintiff does not owe Ally Financial, Inc. any money, that Ally Financial, Inc. disclosed information affecting the debtor's reputation with knowledge or reason to know that the information is false in violation of Fla. Stat. section 559.72(5), that Ally Financial, Inc.

improperly disclosed details of Plaintiff's alleged debt with Ally Financial in violation of Fla. Stat. section 559.72(6), that Ally Financial, Inc.'s assertion that Plaintiff is indebted to Ally Financial, Inc. violates section 559.72(9) of the Florida Consumer Collection Practices Act, and further requests an injunction against such further practices by Defendant.

58.     Pursuant to the FCCPA, Fla. Stat. § 559.77(2), Plaintiff seeks a declaration that Defendant does not have the legal right to attempt to collect any further money from Plaintiff, that any attempts by Defendant to collect violates section 559.72(9) of the Florida Consumer Collection Practices Act, and further requests an injunction against such further practices by Defendant.

59.     The count seeks a determination as to the rights of the parties relating to Defendants' assertion that Plaintiff has not paid for the automobile.

60.     This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes, and section 559.77(2) of the FCCPA.

61.     By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights regarding the alleged debt.

62.     Injunctive relief preventing Defendant from continuing to bill Plaintiff for a debt Plaintiff does not owe is required to protect Plaintiff from possible further collection activity by Defendant including, but not limited to, reporting the illegitimate debt to credit reporting agencies, which could seriously affect Plaintiff's reputation and ability to obtain credit.

**WHEREFORE**, Plaintiff demands this Court enter judgment against Defendant for declaratory and injunctive relief, attorney's fees, litigation and costs of suit, together with any such other and further relief as the Court deems just and proper.

## Demand for Jury Trial

The Plaintiff demands a trial by jury on all the issues so triable.


CRAIG E. ROTHBURD, P.A.

/s/ *Craig E. Rothburd*

CRAIG E. ROTHBURD, ESQ.-FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida 33606
Telephone:     (813) 251-8800
Fax:              (813) 251-5042
crothburd@e-rlaw.com
mropp@e-rlaw.com
CERPA File No. 6667

    and

/s/ *James S. Giardina*

JAMES S. GIARDINA, ESQ. – FBN: 0942421
**THE CONSUMER RIGHTS LAW GROUP, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Telephone:     (813) 435-5055 - Ext 101
Fax:              (866) 535-7199
James@ConsumerRightsLawGroup.com
Service@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*

# EXHIBIT A

## RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

PAID IN FULL
DATE: 2-19-18

DEAL# 1137,36

Dealer Number _____     Contract Number _____

CONTV   037364939
R  001.  00001432369   /00108 BPULL
PFOLD                    6353

**Buyer Name and Address**
KRISTEN LYNN EMRICH
                    FL  33618
HILLSBOROUGH

**Co-Buyer Name and Address**
SCOTT ALLEN E
4302 GUNN HWY
TAMPA FL 3361
HILLSBOROUGH

L4

Buyer's Birth Month: _____     Co-Buyer's Birth Month: _____

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of __5.0400__% per year. The Truth-In-Lending Disclosures below are part of this contract. You have thoroughly inspected, accepted, and approved the vehicle in all respects.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2015 | HYUN ELANTRA | | 6353 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ _____ |

You agree that we advised you whether, based on seller's knowledge, the vehicle was titled, registered, or used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 2500.00 |
|---|---|---|---|---|
| .  .1 % | $ 3692.52 | $ 17915.73 | $ 21608.25 | $ 24108.25 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | 288.11 | Monthly beginning  , , : |
| N/A | N/A |  : |
| Or As Follows: | N/A | |

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__% of each Installment.

**Prepayment.** If you pay off all your debt early, you may have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

**Optional Credit Insurance**
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Term __N/A__
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Term __N/A__
Premium:
Credit Life $ __N/A__
Credit Disability $ __N/A__
Insurance Company Name __N/A__
__N/A__
Home Office Address __N/A__
__N/A__

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments: 1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

X __N/A__
Buyer                                        Date

X __N/A__
Co-Buyer                                     Date

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X __N/A__
Buyer                                        Date

### ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $ __1152.88__ sales tax)                          $ 15342.88 (1)

2  Total Downpayment of:

   Gross Trade-In Allowance                          $ __N/A__

   Less Pay Off Made By Seller (e)                   $ __N/A__

   Equals Net Trade In                               $ __N/A__

   + Cash                                            $ __2500.00__

   + Other __N/A__                                   $ __N/A__

   (If total downpayment is negative, enter "0" and see 4J below)     $ 2500.00 (2)

3  Unpaid Balance of Cash Price (1 minus 2)                          $ 12942.88 (3)

Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A  Cost of Optional Credit Insurance Paid to Insurance
   Company or Companies.

| | | |
|---|---|---|
| Life | $ N/A | |
| Disability | $ N/A | $ ____ N/A |

B  Vendor's Single Interest Insurance Paid to Insurance Company     $ N/A

| | | | |
|---|---|---|---|
| Life | $ N/A | | |
| Disability | $ N/A | $ N/A | |

| B | Vendor's Single Interest Insurance Paid to Insurance Company | $ N/A |
|---|---|---|
| C | Other Optional Insurance Paid to Insurance Company or Companies | $ N/A |
| D | Optional Gap Contract | $ 899.00 |
| E | Official Fees Paid to Government Agencies | $ N/A |
| F | Government Documentary Stamp Taxes | $ 63.00 |
| G | Government Taxes Not Included in Cash Price | $ N/A |
| H | Government License and/or Registration Fees | |
| | License/Registration Fee | $ 366.85 |
| | Government Certificate of Title Fees | $ N/A |
| J | Other Charges (Seller must identify who is paid and describe purpose) | |

| to N/A | for Prior Credit or Lease Balance (e) | $ N/A |
|---|---|---|
| to FWS INC | for SERV CONTRACT | $ 2306.00 |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to FWS INC | for MAINT PLAN | $ 1438.00 |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

| Total Other Charges and Amounts Paid to Others on Your Behalf | $ 5072.85 (4) |
|---|---|
| 5  Loan Processing Fee Paid to Seller (Prepaid Finance Charge) | $ (5) |
| 6  Amount Financed (3 plus 4) | $ 17915.73 (6) |

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before
N/A , Year /A . SELLER'S INITIALS N/A

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 75 Mos. IMA GAP
Name of Gap Contract

. to buy a gap contract
Buyer Signs X

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your est in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $ and is also shown in Item 4B of the Itemization of Amount Financed.** The coverage is for the initial term of the contract.
You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X N/A Co-Buyer Signs X N/A Date /

| Trade-In Vehicle | | Trade-In Vehicle | |
|---|---|---|---|
| Year N/A Make N/A | | Year N/A Make N A | |
| Model N/A | | Model N/A | |
| VIN N/A | | VIN N/A | |
| Gross Trade-In Allowance $ N/A | | Gross Trade-In Allowance $ N/A | |
| Payoff Made by Seller $ N/A (e) | | Payoff Made by Seller $ N/A (e) | |
| Lienholder N/A | | Lienholder N/A | |

You assign to Seller all of your rights, title and interest in such trade-in vehicle(s). Except as expressly stated to Seller in writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials N/A Co-Buyer Initials N/A

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle, or its designee.

---

personal life age and here) You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X N/A N/A
Buyer Date

X N/A N/A
Co-Buyer Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

X N/A N/A
Buyer Date

X N/A N/A
Co-Buyer Date

**Other Optional Insurance**

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A
Ins. Co. Name & Address N/A
N/A
N/A

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A
Ins. Co. Name & Address N/A
N/A
N/A N/A

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A
Ins. Co. Name & Address N/A
N/A
N/A

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A
Ins. Co. Name & Address N/A
N/A
N/A

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ N/A
Ins. Co. Name & Address N/A
N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X N/A N/A
Buyer Signature Date

X N/A N A
Co-Buyer Signature Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

Returned Payment Charge: If any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less; $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300; or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ 63.00 has been paid or will be paid directly to the Department of Revenue.
Certificate of Registration No.

In writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials N/A ___  Co-Buyer Initials N/A ___

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown above and in Item 2 you may pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown above and in Item 2 Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Pay Off Made by Seller shown above and in Item 2 or any refund.
Buyer Signature X N/A ___  Co-Buyer Signature X N/A ___

[right box:]
...amount is $50 or less, $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300; or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ ___ 63.00 ___ has been paid or will be paid directly to the Department of Revenue.
Certificate of Registration No: ___ E00043572 ___

You assign all manufacturer rebates and cash back incentives used as a downpayment on this contract to seller. You agree to complete all documents required for assignment of rebates and incentives.

---

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____  Co-Buyer Signs X _____

---

**SELLER'S RIGHT TO CANCEL -** If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on the back, which gives the Seller the right to cancel if Seller is unable to assign this contract within 0 ___ days, will apply. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller a charge of $ _ N/A _ per day from the date of cancellation until the vehicle is returned or repossessed.
X _____  Buyer Signs   X _____  Co-Buyer Signs

---

### NO COOLING OFF PERIOD
**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs X _____  Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

---

**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

---

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____  Date 12/23/18  Co-Buyer Signs X _____  Date 12/23/18

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner Signs X _____  Address  3800 W HILLSBOROUGH AVE  TAMPA _____
Seller Signs COURTESY HYUNDAI  Date 12/23/18  By X _____  Title _____

Seller assigns its interest in this contract to ALLY FINANCIAL _____  (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse   XX ☐ Assigned without recourse   ☐ Assigned with limited recourse

COURTESY HYUNDAI
Seller   By _____   Title _____ Clerk

ILAW  FORM NO. 553-FL-ARB  REV 5-14  U.S. PATENT NO D406,782
©2014 The Reynolds and Reynolds Company  TO ORDER www.reysource.com 1-800-344-0996 fax 1-800 531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**ORIGINAL LIENHOLDER**

# EXHIBIT B



**P.O. Box 8100**
**Hunt Valley, MD 21030**

February 20, 2018

Kristen L Emrich

█████ FL  33579-7758

Account #: ████████5520
Contract Date: 07/23/2016
VIN: ████████6353
Vehicle: 2015, Hyun, Elantra
Date Amount Financed Paid: 02/19/2018

Dear Kristen L Emrich:

Congratulations on paying off your auto financing!  And on behalf of the entire Ally team, thank you.  It was our privilege to serve your auto financing needs.

**Now is a great time to put your money to work for you.**  Our high standard of service goes beyond auto financing. Whether you'd like to invest in a high-yield CD or open an interest checking account, we at Ally are here to help. Learn more at ally.com.

We appreciate your business and hope you consider us when financing your next vehicle.

Sincerely,
Ally Financial

**Contact Information:** You can reach us by visiting **ally.com/auto**  or call  **888-925-ALLY (2559).**

SMM009   PIF  ████5520
MAIL

001.037364939



# EXHIBIT C

ally® 3:19-cv-00320-JSM-CPT   Document 1-1   Filed 02/06/19   Page 19 of 60 PageID 24
Visit allyauto.com or call 888-925-ALLY(2559)
Statement reflects payment(s) received through:  02/12/18

## Account Summary

| Next Payment: | | Past Due Payments | | Other Unpaid Amounts: | |
|---|---|---|---|---|---|
| Due Date: | 03/06/18 | Due Date | Amount Due | Late Charge: | |
| Amount Due: | $288.11 | | | Extension Fee: | |
| | | | | Insurance Premium: | |
| | | | | Miscellaneous: | |
| Total: | $288.11 | Total: | | Total: | |
| **STATEMENT TOTAL:** | **$288.11** | | | | |

| Last Paid | Unpaid Balance | Finance Charge | Late Charge | Other Charge | Total Paid | Due Date | Scheduled Payment |
|---|---|---|---|---|---|---|---|
| 01/23/18 | 1,043.10 | -5.75 | | | -1,048.85 | | |

### Account Information

Account Number:  [REDACTED]5520

Make: 15 HYUN ELANTRA

VIN: [REDACTED]6353

### Important Account Message

REMAINING UNPAID BALANCE   $331.05. THIS AMOUNT DOES NOT INCLUDE FINANCE CHARGES AND OTHER UNPAID AMOUNTS. PLEASE CALL US FOR YOUR PAYOFF.

Your savings could be earning more. With an Ally Bank Online Savings Account, you'll benefit from an interest rate that's among the most competitive in the country. Plus, there's no minimum balance to open and no monthly maintenance fees. To learn more, visit www.ally.com. Ally Bank, Member FDIC.

### Don't Want to Mail Your Payment? We have Options:

Automatic Payments – Allows your payment to be conveniently transferred from your checking or savings account to Ally, at no cost to you. Please visit allyauto.com for more information.

Online Payments and Billing Statements – Register for Ally Online Services at allyauto.com. add your account, then schedule one-time payments at your convenience or go green with e-statements, at no cost to you.

Payments by phone or payments online by debit cards – To hear available options call 888-925-2559. A third party service provider fee may apply.

### Contact Information: You can reach us by visiting allyauto.com or call us at 888-925-ALLY(2559)

937065-006827     Do not send cash or post-dated checks. All checks will be processed upon receipt. Make checks payable to ALLY
04A04601          Return the portion below with your payment to the Payment Processing Center address below.                Ally BILLING ROLL 12/17

ally®

PO BOX 380902
BLOOMINGTON MN  55438-0902

SCOTT A EMRICH
[REDACTED] FL  33610-5505

| | |
|---|---|
| DUE DATE:  03/06/18 | |
| ACCOUNT NUMBER: | [REDACTED]5520 |
| STATEMENT TOTAL: | $288.11 |
| TOTAL AMOUNT PAID: | $ _____ |

PAYMENT PROCESSING CENTER
PO BOX 78234
PHOENIX AZ  85062-8234

[REDACTED] 5520 1  00028811 8 7 0

# EXHIBIT D



P.O. BOX 360902
BLOOMINGTON MN 55438-0902



April 19, 2018

KRISTEN L EMRICH

PHONE: 1-866-443-3112

▮▮▮▮ FL 33579-7758

Re: Account Number ▮▮▮▮5520

Dear KRISTEN L EMRICH,

<u>May 1, 2018</u> is the LAST DAY FOR PAYMENT.

<u>$353.22</u> is the AMOUNT NOW DUE.

You are late in making your payment(s). If you pay the AMOUNT NOW DUE (above) by the LAST DAY FOR PAYMENT (above), you may continue with your contract. If you do not pay by this date, we may exercise our rights under the law.

If you pay and are late again in making your payments, we may exercise our rights without sending you another notice like this one even though we may have accepted late payments from you in the past.

Remember that another payment of $288.11 becomes due on May 6, 2018. That amount is not included in the AMOUNT NOW DUE shown above.

We may have alternatives to help resolve your situation. If there is a misunderstanding regarding the amount that you owe us or some other special problem, a simple phone call may be all that is needed.

If you have any questions, please contact us at the number below Monday through Friday from 8:00 AM to 6:00 PM ET.

Sincerely,
Ally Financial
1-866-443-3112

TRD

GCURE 01 (Rev 10/04)

E-965463-02275

# EXHIBIT E

 Craig E. **Rothburd** PA.

Sender's E-mail: crothburd@e-rlaw.com

June 14, 2018

**VIA US MAIL - REGULAR &**
**CERTIFIED MAIL:  7011 3500 0001 2010 7376**
 *- Return Receipt Requested*
Ally Bank
PO Box 380901
Bloomington, Minnesota  55438

Re:   **Disputed Items on Credit Report for the following individual:**
   **Name:**      **Kristen L. Emrich**
   **Loan Number:**    ████████5520
   **Vehicle:**     **2015 Hyundai Elantra**
   **VIN:**       ██████████6353
   **Mailing Address:**   ████████████████ **Florida  33579**
   **CERPA File No.**   6667

Dear Sir or Madame:

   This letter is to advise you that my firm, together with the Consumer Law Rights Law Group, has been retained by Kristen L. Emrich in connection with the above referenced account. Please direct all further communications and/or correspondence to my attention at the below address and **do not** contact my Ms. Emrich directly.

   Accordingly, this letter shall serve as formal notice pursuant to the Florida's Credit Collection Practices Act, Chapter 559, Florida Statutes ("FCCPA") that Ms. Emrich does not wish to directly receive any further phone calls or other correspondence from Ally Bank or any other debt collector in connection with the above-referenced account. All future inquiries and correspondence are to be directed to my attention at the address and phone number listed below. DO NOT CONTACT Ms. Emrich.

   It is my understanding that Ms. Emrich previously put Ally Bank on notice that the above referenced account had in fact been paid in full as of February 19, 2018. Despite Ally Bank's actual notice that the account was paid in full, Ally Bank has failed to take corrective action and has continued to attempt to collect amounts on this account.

*Ally Bank Letter*
*- Kristen L Emrich*
*- Loan Number:* ██████5520
*Page 2*

As evidence that the above referenced account was paid in full, enclosed is a copy of correspondence from Ally Bank confirming the account was paid in full on February 19, 2018, together with a copy of the Retail Installment Sale Contract stamped Paid in Full by Ally Bank and delivered back to Ms. Emrich. The vehicle that was the subject of the above referenced account was involved in a motor vehicle accident and determined to be a total loss. Between Ms. Emrich's insurance company and the GAP insurance policy on the vehicle, the entire remaining balance due Ally Bank on the above referenced account was paid in its entirety. Therefore, no balance remains owed and this account was never past due.

Your prompt attention to this matter is required. Please govern yourself accordingly.

Sincerely

Craig E. Rothburd, Esquire

CER/mlr
ENCLOSURES (*as stated*)

cc:    Client
       James S. Giardina



**P.O. Box 8100**
**Hunt Valley, MD 21030**

February 20, 2018

Kristen L Emrich

███████ FL  33579-7758

Account #: ███████5520
Contract Date: 07/23/2016
VIN: ███████6353
Vehicle: 2015, Hyun, Elantra
Date Amount Financed Paid: 02/19/2018

Dear Kristen L Emrich:

Congratulations on paying off your auto financing!  And on behalf of the entire Ally team, thank you.  It was our privilege to serve your auto financing needs.

**Now is a great time to put your money to work for you.**  Our high standard of service goes beyond auto financing.  Whether you'd like to invest in a high-yield CD or open an interest checking account, we at Ally are here to help.  Learn more at <u>ally.com</u>.

We appreciate your business and hope you consider us when financing your next vehicle.

Sincerely,
Ally Financial

**Contact Information:** You can reach us by visiting **ally.com/auto**  or call  **888-925-ALLY (2559).**

SMM009   PIF ███████5520
MAIL

001.037364939

# RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

PAID IN FULL
DATE: 2-19-18

Dealer Number _____     Contract Number _____

CONTV    037364939
R   001. 00001432369   /00108 BPULL
PFOLD ████████6353

| Buyer Name and Address | Co-Buyer Name and Address |
|---|---|
| ██████ LINN ███████ | SCOTT ALLEN E |
| ██████ | 4356 GUNN HWY |
| ██████ | TAMPA F 3351 |
| | HILLSBOROUGH |
| Buyer's Birth Month: NOVEMBER | Co-Buyer's Birth Month: |

ou, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose ... buy ... vehicle n credit under the agreements on the front and back of this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this ontract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily asis at the Base Rate of _____ % per year. The Truth-In-Lending Disclosures below are part of this contract. ou have thoroughly inspected, accepted, and approved the vehicle in all respects.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| | | | | ████████ | Personal, family, or household unless otherwise indicated below |
| | | | | | ☐ business |
| | | | | | ☐ agricultural   ☐ |

You agree that we advised you whether, based on seller's knowledge, the vehicle was titled, registered, or used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| ___ % | $ | $ | $ | $ _____ is |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | Monthly beginning |
| | | |

Or As Follows:

Late Charge. If payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__ % of each installment.

Prepayment. If you pay off all your debt early, you may have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life   ☐ Buyer   ☐ Co-Buyer   ☐ Both

Term _____

☐ Credit Disability   ☐ Buyer   ☐ Co-Buyer   ☐ Both

Term _____

Premium:

Credit Life $ _____

Credit Disability $ _____

Insurance Company Name _____

_____

Home Office Address _____

_____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments:
1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit

X _____
Buyer                                    Date

X _____
Co-Buyer                                 Date

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X _____
Buyer                                    Date

## ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $ _____ sales tax)                                  $ _____ (1)

2  Total Downpayment =

   Gross Trade-In Allowance                                      $ _____

   Less Pay Off Made By Seller (e)                               $ _____

   Equals Net Trade In                                           $ _____

   + Cash                                                        $ _____

   + Other _____                                         $ _____

   (If total downpayment is negative, enter "0" and see 4J below)   $ _____ (2)

3  Unpaid Balance of Cash Price (1 minus 2)                                          $ _____ (3)

   Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):

   A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

      Life                                                       $ _____

      Disability                                                 $ _____

   B  Vendor's Single Interest Insurance Paid to Insurance Company   $ _____

| | | | | |
|---|---|---|---|---|
| | Life | $ | N/A | |
| | Disability | $ | N/A | $ N/A |
| **B** | Vendor's Single Interest Insurance Paid to Insurance Company | | | $ N/A |
| **C** | Other Optional Insurance Paid to Insurance Company or Companies | | | $ N/A |
| **D** | Optional Gap Contract | | | $ 899.00 |
| **E** | Official Fees Paid to Government Agencies | | | $ N/A |
| **F** | Government Documentary Stamp Taxes | | | $ 93.00 |
| **G** | Government Taxes Not Included in Cash Price | | | $ N/A |
| **H** | Government License and/or Registration Fees | | | |

License Registration Fee    $ .

**not   Government Certificate of Title Fees    $ .**

**J** Other Charges (Seller must identify who is paid and describe purpose)

| | | |
|---|---|---|
| to N/A for Prior Credit or Lease Balance (e) | | $ |
| to FWS INC for | | $ |
| to N/A for N/A | | $ |
| to N/A for A | | $ |
| to FWS INC for MAINT PLAN | | $ |
| to N/A for A | | $ |
| to N/A for A | | $ |
| to for A | | $ |
| to for A | | $ |
| to for | | $ |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | $     (4) |

**5** Loan Processing Fee Paid to Seller (Prepaid Finance Charge)    $ N/A    (5)

**6** Amount Financed (3 plus 4)    $     (6)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before _____ , Year _____ . SELLER'S INITIALS _____

---

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos.

Name of Gap Contract

to buy a gap contract

Buyer Signs X _____

---

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your ___est in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X _____    Co-Buyer Signs X _____    Date _____

| Trade-In Vehicle | Trade-In Vehicle |
|---|---|
| Year _____ Make _____ | Year _____ Make _____ |
| Model _____ | Model _____ |
| VIN _____ | VIN _____ |
| Gross Trade-In Allowance $ _____ | Gross Trade-In Allowance $ _____ |
| Payoff Made by Seller $ _____ (e) | Payoff Made by Seller $ _____ (e) |
| Lienholder _____ | Lienholder _____ |

**You assign to Seller all of your rights, title and interest in such trade-in vehicle(s).** Except as expressly stated to Seller in writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials _____    Co-Buyer Initials _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle, or its designee.

---

___person with whom you are dealing) this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X _____ , _____
Buyer    Date

X _____ , _____
Co-Buyer    Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

X N/A , _____
Buyer    Date

X N/A _____
Co-Buyer    Date

### Other Optional Insurance

☐ _____
Type of Insurance    Term

Premium $ N/A

Ins. Co. Name & Address N/A
N/A
N/A

☐ N/A
Type of Insurance    Term

Premium $ _____

Ins. Co. Name & Address _____
N/A
N/A

☐ _____
Type of Insurance    Term

Premium $ _____

Ins. Co. Name & Address _____

☐ _____
Type of Insurance    Term

Premium $ _____

Ins. Co. Name & Address _____

☐ _____
Type of Insurance    Term

Premium $ _____

Ins. Co. Name & Address _____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above

X _____ , _____
Buyer Signature    Date

X _____ , _____
Co-Buyer Signature    Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

**Returned Payment Charge:** If any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300; or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ _____ has been paid or will be paid directly to the Department of Revenue
Certificate of Registration No. _____

In writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials _____ Co-Buyer Initials _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown above and in Item 2 you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown above and in Item 2 Seller will refund to you any overage Seller receives from your prior lienholder or lessor Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Pay Off Made by Seller shown above and in Item 2 or any refund.

Buyer Signature X _____ Co-Buyer Signature X _____

Florida documentary stamp tax required by law in the amoun of $ _____ has been paid or will be paid directly to the Department of Revenue.

Certificate of Registration No: _____

You assign all manufacturer rebates and cash back incentives used as a downpayment on this contract to seller. You agree to complete all documents required for assignment of rebates and incentives.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____ Co-Buyer Signs X _____

**SELLER'S RIGHT TO CANCEL - If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on the back, which gives the Seller the right to cancel if Seller is unable to assign this contract within _____ days, will apply. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller a charge of $ _____ per day from the date of cancellation until the vehicle is returned or repossessed.**

X _____ X _____
Buyer Signs                    Co-Buyer Signs

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date _____ Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____

Seller Signs _____ Date _____ By X _____ Title _____

Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse          ☐ Assigned without recourse          ☐ Assigned with limited recourse

Seller _____ By _____ Title _____

**ILAW** FORM NO. 553-FL-ARB
© 2014 The Reynolds and Reynolds Company
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**ORIGINAL LIENHOLDER**

# EXHIBIT F



 Craig E. **Rothburd** PA

Sender's E-mail: crothburd@e-rlaw.com

May 24, 2018

**VIA US MAIL - REGULAR &**
**CERTIFIED MAIL:** 7011 3500 0001 2010 7406
*- Return Receipt Requested*
Equifax Information Services, LLC
P.O. Box 740256
Atlanta, GA 30374-0256

Re:   **Disputed Items on Credit Report for the following individual:**
　　　　**Name:**　　　　　　　**Kristen L. Emrich**
　　　　**Social Security #:**　　███2462
　　　　**Date of Birth:**　　　　███/1987
　　　　**Mailing Address:**　　████████████ Florida  33579
　　　　**CERPA File No.**　　　6667

Dear Sir or Madam:

　　This letter is to put Equifax Information Services, LLC, on notice that our firm has been retained by the above named individual in connection with a certain dispute she has with the information contained on her credit report. Accordingly, this letter shall serve as formal notice pursuant to the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* (hereinafter "ACT") that Kristen L. Emrich disputes any negative entries as well as any balance due on the following and demands a validation of the same pursuant to the ACT.

**Disputed References**

1.　　Ally Bank
　　　Loan Number:　　███5520
　　　Vehicle:　　　　2015 Hyundai Elantra
　　　VIN:　　　　　　████████6353

　　*Ms. Emrich disputes any amount shown due on this loan after February 19, 2018, and any late payment(s) on this account as it was paid in full on February 19, 2018.*

P 813.251.8800
F 813.251.5042

320 W KENNEDY BLVD, SUITE 700, TAMPA, FLORIDA 33606　　　　　　　www.craigerothburdpa.com  ■

As evidence that the above referenced account was paid in full, enclosed is a copy of correspondence from Ally Bank confirming the account was paid in full on February 19, 2018, together with a copy of the Retail Installment Sale Contract stamped Paid in Full by Ally Bank and delivered to Ms. Emrich. The vehicle that was the subject of the above referenced account was involved in a motor vehicle accident and determined to be a total loss. Between Ms. Emrich's insurance company and the GAP insurance policy on the vehicle, the entire remaining balance due Ally Bank on the above referenced account was paid in its entirety. Therefore, no balance remains owed and this account was never past due.

Ms. Emrich disputes any negative credit reference contained on her credit report relating to the above referenced Ally Bank account pursuant to the ACT. Accordingly, demand is hereby made for validation, pursuant to the ACT, of the credit references above. If the creditor fails to validate the credit reference contained on Ms. Emrich's credit report within the time prescribed under the ACT, thirty (30) days, then Ms. Emrich demands its removal from her credit report as provided in the ACT. Failure of your company to timely respond will subject it to the statutory penalties as well as attorney's fees and costs provisions under the ACT.

If the creditor does provide a proper validation of the above disputed account, then Ms. Emrich demands inclusion of her dispute of the same be included in her credit report as also provided in the ACT. I look forward to your timely response to the disputed reference contained in Ms. Emrich's credit report pursuant to the ACT. Thank you for your time and anticipated cooperation.

Sincerely,

Craig E. Rothburd

CER/mlr
ENCLOSURES (*as stated*)

cc w encls:    Client
              James Giardina



**P.O. Box 8100**
**Hunt Valley, MD 21030**

February 20, 2018

Kristen L Emrich

 FL 33579-7758

Account #: █████5520
Contract Date: 07/23/2016
VIN: ████████6353
Vehicle: 2015, Hyun, Elantra
Date Amount Financed Paid: 02/19/2018

Dear Kristen L Emrich:

Congratulations on paying off your auto financing! And on behalf of the entire Ally team, thank you. It was our privilege to serve your auto financing needs.

**Now is a great time to put your money to work for you.** Our high standard of service goes beyond auto financing. Whether you'd like to invest in a high-yield CD or open an interest checking account, we at Ally are here to help. Learn more at ally.com.

We appreciate your business and hope you consider us when financing your next vehicle.

Sincerely,
Ally Financial

**Contact Information:** You can reach us by visiting ally.com/auto or call **888-925-ALLY (2559).**

SMM009  PIF  █████5520
MAIL

001.037.164939



# RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

PAID IN FULL
DATE: 2-19-18

| Dealer Number | Contract Number |
|---|---|

CONTV   037364939
R  001. **00001432369**   /00108 BPULL
PFOLD ██████████5353

Buyer Name and Address
KR██ ██ LYNN EMRICH
(████████████)

Co-Buyer Name and Add██
SCOTT ALLEN E██
43██ GUNN HWY
TAMPA FL 3351██

Buyer's Birth Month: ████████    Co-Buyer's Birth Month:

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of _____% per year. The Truth-In-Lending Disclosures below are part of this contract. You have thoroughly inspected, accepted, and approved the vehicle in all respects.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| | | | | ████████ | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ |

You agree that we advised you whether, based on seller's knowledge, the vehicle was titled, registered, or used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $_____ |
|---|---|---|---|---|
| ____% | $ ____ | $ ____ | $ ____ | $ ____ is |

### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | Monthly beginning |
| | | |

Or As Follows:

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__% of each installment.

**Prepayment.** If you pay off all your debt early, you may have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| 1 Cash Price (including $ _____ sales tax) | $ _____ (1) |
|---|---|
| 2 Total Downpayment = | |
| Gross Trade-In Allowance | $ _____ |
| Less Pay Off Made By Seller (e) | $ _____ |
| Equals Net Trade In | $ _____ |
| + Cash | $ _____ |
| + Other _____ | $ _____ |
| (If total downpayment is negative, enter "0" and see 4J below) | $ _____ (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | $ _____ (3) |

Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

| Life | $ _____ |
|---|---|
| Disability | $ _____ |

B Vendor's Single Interest Insurance Paid to Insurance Company   $ _____

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Term _____
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Term _____
Premium:
Credit Life $ _____
Credit Disability $ _____
Insurance Company Name _____
Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments.
1  You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

X _____
Buyer                                    Date

X _____
Co-Buyer                                 Date

2  You understand that the credit life coverage may be deferred if at the time of application you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X _____
Buyer                                    Date

| | | |
|---|---|---|
| Disability | $ | N/A |
| B Vendor's Single Interest Insurance Paid to Insurance Company | $ | N/A |
| C Other Optional Insurance Paid to Insurance Company or Companies | $ | N/A |
| D Optional Gap Contract | $ | N/A |
| E Official Fees Paid to Government Agencies | $ | N/A |
| F Government Documentary Stamp Taxes | $ | N/A |
| G Government Taxes Not Included in Cash Price | $ | N/A |
| H Government License and/or Registration Fees | | |
| I Government Registration Fee | $ | |
| J Government Certificate of Title Fees | $ | |
| J Other Charges (Seller must identify who is paid and describe purpose) | | |
| to N/A for Prior Credit or Lease Balance (e) | $ | |
| to for | $ | |
| to N/A for | $ | |
| to for | $ | |
| to IN for MAINT PLAN | $ | |
| to for | $ | |
| to for | $ | |
| to for | $ | |
| to for | $ | |
| to for | $ | |

| | | |
|---|---|---|
| Total Other Charges and Amounts Paid to Others on Your Behalf | $ | (4) |
| 5 Loan Processing Fee Paid to Seller (Prepaid Finance Charge) | $ | (5) |
| 6 Amount Financed (3 plus 4) | $ | (6) |

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before _____ , Year _____ . SELLER'S INITIALS _____

---

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos. _____

_____ to buy a gap contract.

Name of Gap Contract _____

Buyer Signs X _____

---

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $ _____** and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X _____ Co-Buyer Signs X _____ Date _____

---

| Trade-In Vehicle | Trade-In Vehicle |
|---|---|
| Year _____ Make _____ | Year _____ Make _____ |
| Model _____ | Model _____ |
| VIN _____ | VIN _____ |
| Gross Trade-In Allowance $ _____ | Gross Trade-In Allowance $ _____ |
| Payoff Made by Seller $ _____ (e) | Payoff Made by Seller $ _____ (e) |
| Lienholder _____ | Lienholder _____ |

You assign to Seller all of your rights, title and interest in such trade-in vehicle(s). **Except as expressly stated to Seller in writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.**

Buyer Initials _____ Co-Buyer Initials _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle, or its designee

---

(acknowledgement the proposed credit life insurance policy) does not contain this restriction.)

X _____
Buyer _____ Date

X _____
Co-Buyer _____ Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

X N/A _____
Buyer _____ Date

X N/A _____
Co-Buyer _____ Date

### Other Optional Insurance

☐ N/A _____
Type of Insurance _____ Term

Premium $ _____
Ins. Co. Name & Address _____
N/A
N/A

☐ N/A _____
Type of Insurance _____ Term

Premium $ _____
Ins. Co. Name & Address _____
_____
_____

☐ _____
Type of Insurance _____ Term

Premium $ _____
Ins. Co. Name & Address _____
_____

☐ _____
Type of Insurance _____ Term

Premium $ _____
Ins. Co. Name & Address _____
_____

☐ _____
Type of Insurance _____ Term

Premium $ _____
Ins. Co. Name & Address _____
_____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above

X _____
Buyer Signature _____ Date

X _____
Co-Buyer Signature _____ Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

**Returned Payment Charge:** if any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300; or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ _____ has been paid or will be paid directly to the Department of Revenue.
Certificate of Registration No. _____

damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials _____   Co-Buyer Initials _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown above and in Item 2 you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown above and in Item 2 Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Pay Off Made by Seller shown above and in Item 2 or any refund.

Buyer Signature X _____   Co-Buyer Signature X _____

Florida documentary stamp tax required by law in the amount of $_____ has been paid or will be paid directly to the Department of Revenue.

Certificate of Registration No. _____

You assign all manufacturer rebates and cash back incentives used as a downpayment on this contract to seller. You agree to complete all documents required for assignment of rebates and incentives.

---

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____   Co-Buyer Signs X _____

---

**SELLER'S RIGHT TO CANCEL -** If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on the back, which gives the Seller the right to cancel if Seller is unable to assign this contract within _____ days, will apply. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller a charge of $ _____ per day from the date of cancellation until the vehicle is returned or repossessed.

X _____

Seller Signs          Co-Buyer Signs

---

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs X _____   Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements.

---

**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

---

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____   Date _____   Co-Buyer Signs X _____   Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. Another owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____        Address _____

Seller Signs _____   Date _____   By X _____   Title _____

Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee

☐ Assigned with recourse        ☐ Assigned without recourse        ☐ Assigned with limited recourse

| Seller | By | Title |
|--------|----|----|
|        |    |    |

**ILAW**  FORM NO. 553-FL-ARB
2 14 The Reynolds and Re,
THE PRINTER MAKES NO WARRANTY EXPRESS OR IMPLIED AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**ORIGINAL LIENHOLDER**



 Craig E. **Rothburd** PA

Sender's E-mail: crothburd@e-rlaw.com

May 24, 20418

**VIA US MAIL - REGULAR &**
**CERTIFIED MAIL:** 7011 3500 0001 2010 7390
*- Return Receipt Requested*
Experian
PO Box 4500
Allen, Texas 75013

| | | |
|---|---|---|
| Re: | **Disputed Items on Credit Report for the following individual:** | |
| | Name: | **Kristen L. Emrich** |
| | Social Security #: | ▮2462 |
| | Date of Birth: | ▮1987 |
| | Mailing Address: | ▮ Florida 33579 |
| | CERPA File No. | 6667 |

Dear Sir or Madam:

This letter is to put Experian on notice that our firm has been retained by the above named individual in connection with a certain dispute she has with the information contained on her credit report. Accordingly, this letter shall serve as formal notice pursuant to the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* (hereinafter "ACT") that Kristen L. Emrich disputes any negative entries as well as any balance due on the following and demands a validation of the same pursuant to the ACT.

### Disputed References

1.  Ally Bank
    Loan Number: ▮5520
    Vehicle: 2015 Hyundai Elantra
    VIN: ▮6353

*Ms. Emrich disputes any amount shown due on this loan after February 19, 2018, and any late payment(s) on this account as it was paid in full on February 19, 2018.*

P  813 251.8800
F  813.251 5042

320 W KENNEDY BLVD, SUITE 700, TAMPA FLORIDA 33606          www.craigerothburdpa.com  ▮

As evidence that the above referenced account was paid in full, enclosed is a copy of correspondence from Ally Bank confirming the account was paid in full on February 19, 2018, together with a copy of the Retail Installment Sale Contract stamped Paid in Full by Ally Bank and delivered to Ms. Emrich. The vehicle that was the subject of the above referenced account was involved in a motor vehicle accident and determined to be a total loss. Between Ms. Emrich's insurance company and the GAP insurance policy on the vehicle, the entire remaining balance due Ally Bank on the above referenced account was paid in its entirety. Therefore, no balance remains owed and this account was never past due.

Ms. Emrich disputes any negative credit reference contained on her credit report relating to the above referenced Ally Bank account pursuant to the ACT. Accordingly, demand is hereby made for validation, pursuant to the ACT, of the credit references above. If the creditor fails to validate the credit reference contained on Ms. Emrich's credit report within the time prescribed under the ACT, thirty (30) days, then Ms. Emrich demands its removal from her credit report as provided in the ACT. Failure of your company to timely respond will subject it to the statutory penalties as well as attorney's fees and costs provisions under the ACT.

If the creditor does provide a proper validation of the above disputed account, then Ms. Emrich demands inclusion of her dispute of the same be included in her credit report as also provided in the ACT. I look forward to your timely response to the disputed reference contained in Ms. Emrich's credit report pursuant to the ACT. Thank you for your time and anticipated cooperation.

Sincerely,

Craig E. Rothburd

CER/mlr
ENCLOSURES (*as stated*)

cc w encls:    Client
               James Giardina



**P.O. Box 8100**
**Hunt Valley, MD 21030**

February 20, 2018

Kristen L Emrich
███████, FL 33579-7758

Account #: ████████5520
Contract Date: 07/23/2016
VIN: ████████6353
Vehicle: 2015, Hyun, Elantra
Date Amount Financed Paid: 02/19/2018

Dear Kristen L Emrich:

Congratulations on paying off your auto financing! And on behalf of the entire Ally team, thank you. It was our privilege to serve your auto financing needs.

**Now is a great time to put your money to work for you.** Our high standard of service goes beyond auto financing. Whether you'd like to invest in a high-yield CD or open an interest checking account, we at Ally are here to help. Learn more at <u>ally.com</u>.

We appreciate your business and hope you consider us when financing your next vehicle.

Sincerely,
Ally Financial

**Contact Information:** You can reach us by visiting **ally.com/auto** or call **888-925-ALLY (2559).**

SMM009 PIF ████5520
MAIL

001.037364939

# RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

PAID IN FULL
DATE: 2-19-18

Dealer Number _____   Contract Number _____

CONTV   037364939
R  001.  00001432369   /00108 BPULL
PFOLD ██████████ 6353

Buyer Name and Address

Co-Buyer Name and Address

Buyer's Birth Month: ██████

Co-Buyer's Birth Month:

ou, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle n credit under the agreements on the front and back of this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this ontract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily asis at the Base Rate of _____% per year. The Truth-In-Lending Disclosures below are part of this contract. ou have thoroughly inspected, accepted, and approved the vehicle in all respects.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| | | | | | Personal, family, or household unless otherwise indicated below □ business □ agricultural □ _____ |

You agree that we advised you whether, based on seller's knowledge, the vehicle was titled, registered, or used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled | Total Sale Price The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| _____ % | $ | $ | $ | $ ___ is |

**Your Payment Schedule Will Be:**                    (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | Monthly beginning |
| | | |
| | | |

Or As Follows:

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__ % of each installment.

**Prepayment.** If you pay off all your debt early, you may have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $ _____ sales tax)                    $ _____ (1)
2  Total Downpayment =
    Gross Trade-In Allowance                    $ _____
    Less Pay Off Made By Seller (e)              $ _____
    Equals Net Trade In                          $ _____
    + Cash                                       $ _____
    + Other _____                              $ _____
    (If total downpayment is negative, enter "0" and see 4J below)    $ _____ (2)
3  Unpaid Balance of Cash Price (1 minus 2)                      $ _____ (3)
    Other Charges Including Amounts Paid to Others on Your Behalf
    (Seller may keep part of these amounts):
    A  Cost of Optional Credit Insurance Paid to Insurance
       Company or Companies.
       Life                                     $ _____
       Disability                               $ _____    $ _____
    B  Vendor's Single Interest Insurance Paid to Insurance Company   $ _____

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
### Optional Credit Insurance

□ Credit Life:  □ Buyer  □ Co-Buyer  □ Both
Term _____

□ Credit Disability:  □ Buyer  □ Co-Buyer  □ Both
Term _____

Premium:
    Credit Life $ _____
    Credit Disability $ _____
Insurance Company Name _____
Home Office Address _____

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments.
1.  You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit

X _____
Buyer                                          Date

X _____
Co-Buyer                                        Date

2.  You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X _____
Buyer                                          Date

| | | | |
|---|---|---|---|
| Life | $ | N/A | |
| Disability | $ | N/A | $ N/A |
| B  Vendor's Single Interest Insurance Paid to Insurance Company | | | $ N/A |
| C  Other Optional Insurance Paid to Insurance Company or Companies | | | $ N/A |
| D  Optional Gap Contract | | | $ 899.00 |
| E  Official Fees Paid to Government Agencies | | | $ N/A |
| F  Government Documentary Stamp Taxes | | | $ 93.00 |
| G  Government Taxes Not Included in Cash Price | | | $ N/A |
| H  Government License and/or Registration Fees | | | |

License Registration Fee  $ 555.

Government Certificate of Title Fees  $ 

J  Other Charges (Seller must identify who is paid and describe purpose)

| | | |
|---|---|---|
| to | for Prior Credit or Lease Balance (e) | $ |
| to | for | $ |
| to | for | $ |
| to | for | $ |
| to | for MAINT PLA | $ |
| to | for | $ |
| to | for | $ |
| to | for | $ |
| to | for | $ |
| to | for | $ |

Total Other Charges and Amounts Paid to Others on Your Behalf  $ (4)

5  Loan Processing Fee Paid to Seller (Prepaid Finance Charge)  $ (5)

6  Amount Financed (3 plus 4)  $ (6)

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before _____ , Year _____ . SELLER'S INITIALS _____

---

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos.

Name of Gap Contract _____

to buy a gap contract

Buyer Signs X _____

---

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your ____ast in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X _____ Co-Buyer Signs X _____ Date: _____

---

| Trade-In Vehicle | Trade-In Vehicle |
|---|---|
| Year _____ Make _____ | Year _____ Make _____ |
| Model _____ | Model _____ |
| VIN _____ | VIN _____ |
| Gross Trade-In Allowance $ _____ | Gross Trade In Allowance $ _____ |
| Payoff Made by Seller $ _____ (e) | Payoff Made by Seller $ _____ (e) |
| Lienholder _____ | Lienholder _____ |

You assign to Seller all of your rights, title and interest in such trade-in vehicle(s). Except as expressly stated to Seller in writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials _____ Co-Buyer Initials _____

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle or its designee.

---

person in the coverage under box you read above this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X _____ _____
Buyer                                        Date

X _____ _____
Co-Buyer                                     Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy

X _____ _____
Buyer                                        Date

X _____ _____
Co-Buyer                                     Date

**Other Optional Insurance**

☐ _____
Type of Insurance                    Term

Premium $ _____
Ins. Co. Name & Address  N/A
N/A
N/A

☐ N/A
Type of Insurance                    Term

Premium $ _____
Ins. Co. Name & Address _____
N/A
N/A

☐ _____
Type of Insurance                    Term

Premium $ _____
Ins. Co. Name & Address _____
_____

☐ _____
Type of Insurance                    Term

Premium $ _____
Ins. Co. Name & Address _____
_____

☐ $ _____
Type of Insurance                    Term

Premium $ _____
Ins. Co. Name & Address _____
_____

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above

X _____ _____
Buyer Signature                              Date

X _____ _____
Co-Buyer Signature                           Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

Returned Payment Charge: If any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less, $30 if the payment amount is over $50 but not more than $300, $40, if the payment amount is over $300 or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ _____ has been paid or will be paid directly to the Department of Revenue
Certificate of Registration No. _____

In writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials _____   Co-Buyer Initials _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown above and in Item 2 you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown above and in Item 2 Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Pay Off Made by Seller shown above and in Item 2 or any refund.

Buyer Signature X _____   Co-Buyer Signature X _____

Florida documentary stamp tax required by law in the amount of $ _____ has been paid or will be paid directly to the Department of Revenue.

Certificate of Registration No. _____

You assign all manufacturer rebates and cash back incentives used as a downpayment on this contract to seller. You agree to complete all documents required for assignment of rebates and incentives.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____   Co-Buyer Signs X _____

**SELLER'S RIGHT TO CANCEL** - If Buyer and Co-buyer sign here, the provisions of the Seller's Right to Cancel section on the back, which gives the Seller the right to cancel if Seller is unable to assign this contract within _____ days, will apply. If you fail to return the vehicle within 48 hours after receipt of the notice of cancellation, you agree to pay Seller a charge of $ ___N/A___ per day from the date of cancellation until the vehicle is returned or repossessed.

X _____   X _____
Buyer Signs   Co-Buyer Signs

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs X _____   Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements.

**NOTICE TO THE BUYER: a) Do not sign this contract before you read it or if it contains any blank spaces. b) You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____   Date _____   Co-Buyer Signs X _____   Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____   Address _____

Seller Signs _____   Date _____   By X _____   Title _____

Seller assigns its interest in this contract to   FINANCE   (Assignee) under the terms of Seller's agreement(s) with Assignee.

[ ] Assigned with recourse    [ ] Assigned without recourse    [ ] Assigned with limited recourse

Seller _____   By _____   Title _____

**ILAW** FORM NO. 553-FL-ARB
© 2014 The Reynolds and Reynolds Company 10/09/14 (HOURS)
THE PRINTER MAKES NO WARRANTY EXPRESS OR IMPLIED AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL

**ORIGINAL LIENHOLDER**



Craig E. **Rothburd** PA

Sender's E-mail: crothburd@e-rlaw.com

June 14, 2018

**VIA US MAIL - REGULAR &**
**CERTIFIED MAIL:** 7011 3500 0001 2010 7383
*- Return Receipt Requested*
TransUnion Consumer Solutions
PO Box 2000
Chester, Pennsylvania 19016-2000

Re:   **Disputed Items on Credit Report for the following individual:**
      **Name:**                 Kristen L. Emrich
      **Social Security #:**       ▮2462
      **Date of Birth:**           ▮1987
      **Mailing Address:**       ▮▮▮▮ Florida 33579
      **CERPA File No.**       6667

Dear Sir or Madam:

      This letter is to put TransUnion Consumer Solutions on notice that our firm has been retained by the above named individual in connection with a certain dispute she has with the information contained on her credit report. Accordingly, this letter shall serve as formal notice pursuant to the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* (hereinafter "ACT") that Kristen L. Emrich disputes any negative entries as well as any balance due on the following and demands a validation of the same pursuant to the ACT.

**Disputed References**

1.    Ally Bank
      Loan Number:       ▮5520
      Vehicle:            2015 Hyundai Elantra
      VIN:               ▮6353

      *Ms. Emrich disputes any amount shown due on this loan after February 19, 2018, and any late payment(s) on this account as it was paid in full on February 19, 2018.*

As evidence that the above referenced account was paid in full, enclosed is a copy of correspondence from Ally Bank confirming the account was paid in full on February 19, 2018, together with a copy of the Retail Installment Sale Contract stamped Paid in Full by Ally Bank and delivered to Ms. Emrich. The vehicle that was the subject of the above referenced account was involved in a motor vehicle accident and determined to be a total loss. Between Ms. Emrich's insurance company and the GAP insurance policy on the vehicle, the entire remaining balance due Ally Bank on the above referenced account was paid in its entirety. Therefore, no balance remains owed and this account was never past due.

Ms. Emrich disputes any negative credit reference contained on her credit report relating to the above referenced Ally Bank account pursuant to the ACT. Accordingly, demand is hereby made for validation, pursuant to the ACT, of the credit references above. If the creditor fails to validate the credit reference contained on Ms. Emrich's credit report within the time prescribed under the ACT, thirty (30) days, then Ms. Emrich demands its removal from her credit report as provided in the ACT. Failure of your company to timely respond will subject it to the statutory penalties as well as attorney's fees and costs provisions under the ACT.

If the creditor does provide a proper validation of the above disputed account, then Ms. Emrich demands inclusion of her dispute of the same be included in her credit report as also provided in the ACT. I look forward to your timely response to the disputed reference contained in Ms. Emrich's credit report pursuant to the ACT. Thank you for your time and anticipated cooperation.

Sincerely,

Craig E. Rothburd

CER/mlr
ENCLOSURES (*as stated*)

cc w encls:    Client
                    James Giardina



**P.O. Box 8100**
**Hunt Valley, MD 21030**

February 20, 2018

Kristen L Emrich
█████████ FL 33579-7758

Account #: ██████5520
Contract Date: 07/23/2016
VIN: ████████6353
Vehicle: 2015, Hyun, Elantra
Date Amount Financed Paid: 02/19/2018

Dear Kristen L Emrich:

Congratulations on paying off your auto financing!  And on behalf of the entire Ally team, thank you.  It was our privilege to serve your auto financing needs.

**Now is a great time to put your money to work for you.**  Our high standard of service goes beyond auto financing. Whether you'd like to invest in a high-yield CD or open an interest checking account, we at Ally are here to help. Learn more at ally.com.

We appreciate your business and hope you consider us when financing your next vehicle.

Sincerely,
Ally Financial

**Contact Information:** You can reach us by visiting ally.com/auto or call **888-925-ALLY (2559).**

SMM009   PIF ████5520
MAIL

001.037364939



# RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

DEAL# 113736

**PAID IN FULL**
**DATE: 2-19-18**

Dealer Number _____   Contract Number _____

CONTV  037364939
R  001.  00001432369   /00108 BPULL
PFOLD                              6353

Buyer Name and Address
KRISTEN LYNN EMRICH
_____
_____ FL 33618
HILLSBOROUGH

Co-Buyer Name and Address
SCOTT ALLEN E
4302 GUNN HWY
TAMPA FL 3361
HILLSBOROUGH

Buyer's Birth Month: _____
Co-Buyer's Birth Month: _____

L4

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller-Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis at the Base Rate of __5.040__% per year. The Truth-In-Lending Disclosures below are part of this contract. You have thoroughly inspected, accepted, and approved the vehicle in all respects.

| New/Used/Demo | Year | Make and Model | Weight (lbs.) | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| | | | | | Personal, family, or household unless otherwise indicated below |
| USED | 2015 | HYUN ELANTRA | | _____6353 | ☐ business  ☐ agricultural  ☐ _____ |

You agree that we advised you whether, based on seller's knowledge, the vehicle was titled, registered, or used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 2500.00 is |
|---|---|---|---|---|
| 5.__% | $ 3692.52 | $ 17915.73 | $ 21608.25 | $ 24108.25 |

### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | 288.11 | Monthly beginning _____ |
| N/A | N/A | |
| Or As Follows: | N/A | |

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__ % of each installment.

**Prepayment.** If you pay off all your debt early, you may have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, prepayment penalties, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED
1 Cash Price (including $ 1162.88 sales tax)  $ 15342.88 (1)
2 Total Downpayment of
   Gross Trade-In Allowance  $ N/A
   Less Pay Off Made By Seller (e)  $ N/A
   Equals Net Trade In  $ N/A
   + Cash  $ 2500.00
   + Other __N/A__  $ N/A
   (If total downpayment is negative, enter "0" and see 4J below)  $ 2500.00 (2)
3 Unpaid Balance of Cash Price (1 minus 2)  $ 12842.88 (3)
   Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts.)
   A Cost of Optional Credit Insurance Paid to Insurance
      Company or Companies.
      Life  $ N/A
      Disability  $ N/A  $ N/A
   B Vendor's Single Interest Insurance Paid to Insurance Company  $ N/A

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your choice of insurance providers will not affect our decision to sell you the vehicle or extend credit to you.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
## Optional Credit Insurance
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Term __N/A__
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Term __N/A__
Premium:
   Credit Life $ __N/A__
   Credit Disability $ __N/A__
Insurance Company Name __N/A__
   N/A
Home Office Address __N/A__
   N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments.

If the box above is checked to indicate that you want credit life insurance, please read and sign the following acknowledgments:
1. You understand that you have the option of assigning any other policy or policies you own or may procure for the purpose of covering this extension of credit and that the policy need not be purchased from us in order to obtain the extension of credit.

X __N/A__                              N/A
Buyer                                  Date

X __N/A__                              N/A
Co-Buyer                               Date

2. You understand that the credit life coverage may be deferred if, at the time of application, you are unable to engage in employment or unable to perform normal activities of a person of like age and sex. (You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X __N/A__                              A
Buyer                                  Date

| | | | |
|---|---|---|---|
| | Life | $ | N/A |
| | Disability | $ | N/A |
| B | Vendor's Single Interest Insurance Paid to Insurance Company | $ | N/A |
| C | Other Optional Insurance Paid to Insurance Company or Companies | $ | N/A |
| D | Optional Gap Contract | $ | 899.00 |
| E | Official Fees Paid to Government Agencies | $ | N/A |
| F | Government Documentary Stamp Taxes | $ | 63.00 |
| G | Government Taxes Not Included in Cash Price | $ | N/A |
| H | Government License and/or Registration Fees | | |
| | License/Registration Fee | $ | 366.85 |
| | Government Certificate of Title Fees | $ | N/A |
| J | Other Charges (Seller must identify who is paid and describe purpose) | | |
| | to N/A for Prior Credit or Lease Balance (e) | $ | N/A |
| | to FWS INC for SERV CONTRACT | $ | 2306.00 |
| | to N/A for N/A | $ | N/A |
| | to N/A for N/A | $ | N/A |
| | to FWS INC for MAINT PLAN | $ | 1438.00 |
| | to N/A for N/A | $ | N/A |
| | to N/A for N/A | $ | N/A |
| | to N/A for N/A | $ | N/A |
| | to N/A for N/A | $ | N/A |
| | to N/A for N/A | $ | N/A |
| | Total Other Charges and Amounts Paid to Others on Your Behalf | $ 5072.85 | (4) |
| 5 | Loan Processing Fee Paid to Seller (Prepaid Finance Charge) | $ N/A | (5) |
| 6 | Amount Financed (3 plus 4) | $ 17915.73 | (6) |

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 6, is paid in full on or before
N/A , Year N/A . SELLER'S INITIALS _____ N/A

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 75 Mos.   IMA GAP   Name of Gap Contract

. to buy a gap contract

Buyer Signs X _____

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** if the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is** $ _____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.
You authorize us to purchase Vendor's or Lender's Single Interest Insurance.

Buyer Signs X   N/A   Co-Buyer Signs X   N/A   Date

| Trade-In Vehicle | Trade-In Vehicle |
|---|---|
| Year N/A   Make N/A | Year N/A   Make N/A |
| Model N/A | Model N/A |
| VIN N/A | VIN N/A |
| Gross Trade-In Allowance $ N/A | Gross Trade-In Allowance $ N/A |
| Payoff Made by Seller $ N/A   (e) | Payoff Made by Seller $ N/A   (e) |
| Lienholder N/A | Lienholder N/A |

You assign to Seller all of your rights, title and interest in such trade-in vehicle(s). Except as expressly stated to Seller in writing, you represent that your trade-in vehicle(s) has not been involved in an accident, has not had any major body damage or required any major engine repair, and was not previously used as a taxicab, police vehicle, short term rental or is a vehicle that is rebuilt or assembled from parts, a kit car, a replica, a flood vehicle, or a manufacturer buy back.

Buyer Initials N/A   Co-Buyer Initials N/A

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the trade-in payoff amount shown above and in Item 2 of the Itemization of Amount Financed as the Pay Off Made by Seller. You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown above and in Item 2 to the lienholder or lessor of the trade-in vehicle, or its designee.

---

person of like age and sex. You need not sign this acknowledgement if the proposed credit life insurance policy does not contain this restriction.)

X   N/A _____   N/A
Buyer _____   Date

X   N/A _____   N/A
Co-Buyer _____   Date

3. You understand that the benefits under the policy will terminate when you reach a certain age and affirm that your age is accurately represented on the application or policy.

X _____   N/A
Buyer _____   Date

X _____   N/A
Co-Buyer _____   Date

### Other Optional Insurance

☐ N/A _____   N/A
Type of Insurance   Term

Premium $ _____ N/A
Ins. Co. Name & Address   N/A
N/A
N/A

☐ N/A _____   N/A
Type of Insurance   Term

Premium $ _____ N/A
Ins. Co. Name & Address   N/A
N/A
N/A

☐ N/A _____   N/A
Type of Insurance   Term

Premium $ _____ N/A
Ins. Co. Name & Address _____
N/A

☐ N/A _____   N/A
Type of Insurance   Term

Premium $ _____ N/A
Ins. Co. Name & Address   N/A
N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X N/A _____
Buyer Signature   Date

X N/A _____   N/A
Co-Buyer Signature   Date

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

**Returned Payment Charge:** If any check or other payment instrument you give us is dishonored or any electronic payment you make is returned unpaid, you will pay a charge of $25 if the payment amount is $50 or less; $30 if the payment amount is over $50 but not more than $300; $40 if the payment amount is over $300; or such amount as permitted by law.

Florida documentary stamp tax required by law in the amount of $ 63.00 _____ has been paid or will be paid directly to the Department of Revenue.

Certificate of Registration No. _____

# EXHIBIT G

981897-11915



PO BOX 380903
BLOOMINGTON MN 55438-0903

September 05, 2018

KRISTEN L EMRICH

███████ FL   33606



|‖‖‖|‖‖‖‖|‖‖‖|‖‖‖‖‖‖‖|‖‖‖‖‖‖|‖‖|‖‖‖‖‖‖|‖‖|‖‖‖|

| | |
|---|---|
| Account Number: ███████5520 | Hours of Operation: 7AM to 7PM CST<br>Monday - Friday<br>Saturday 8AM -12pm CST<br>Phone:  800-241-0172 |

Dear KRISTEN L EMRICH:

Previously, we expressed our willingness to work with you in satisfying this obligation and want to offer you the following options.

The Balance Due as of the date of this letter is $156.84.

We are offering you the options below:

- Plan 1 - You must make a single payment of 85% of the balance shown above which is $133.31.  The payment must be received no later than FIFTEEN (15) days from the date of this letter. Upon receipt and clearance of this final payment we will consider your account settled in full.
- Plan 2 - You must make 5 installments at $31.37 totaling $156.84. The first payment must be received no later than FIFTEEN (15) days from the date of this letter. Upon receipt and clearance of all installments your account with Ally will be considered satisfied and you are released from any and all obligations. Each of the future installments must be received on or before the passage of THIRTY (30) days and all payments must clear as good funds. If you fail to make any of the installments, if any payments are returned unpaid, or if any are received later than the 30th day from the prior payment, this arrangement is no longer in effect and you will owe the Balance Due minus whatever payments you remitted.



KRISTEN L EMRICH
▇▇▇▇5520
September 05, 2018
Page 2



In the case of either option, we will furnish updated information to the credit bureaus and send you a letter reflecting the final status of your account.

You **MUST** call in to take advantage of this offer. Please contact us at 800-241-0172.

Thank you,
Ally Financial

---

(Please detach and return)

## RETURN THIS PORTION WITH PAYMENT

ACCOUNT NUMBER: ▇▇▇▇5520

NAME: KRISTEN L EMRICH

Reference #   952672418

PAYMENT PROCESSING CENTER
P.O. BOX 78369
PHOENIX AZ  85062-8369

| Amount Enclosed: |
|---|

DO NOT SEND CASH OR POST DATED CHECKS   ALL CHECKS WILL BE DEPOSITED UPON RECEIPT   MAKE CHECKS PAYABLE TO ALLY
RETURN THIS COUPON WITH YOUR PAYMENT TO THE ABOVE ADDRESS

523 000952672418 0013331 4

**Notice About Credit Bureau Disputes**. If you disagree with information reported about your account to a credit bureau, you can contact the credit bureau directly. **Or, you can write to us at: P.O. Box 380901, Bloomington, MN, 55438-0901**

| CHANGE OF RESIDENCE ADDRESS | | |
|---|---|---|
| ❏ Buyer/Lessee | | ❏ Co-Buyer/Co-Lessee |

Name: _____

Account Number: _____

Street Address: _____

City: _____ State: _____ Zip: _____

County: _____

Home Telephone: (    ) Business Telephone: (    )

For a change of address, complete this form and return with payment.

Send any communication disputing amounts you owe to P.O. Box 380901, Bloomington, MN 55438-0901. Send any communications concerning instruments tendered as full satisfaction of a debt or with other special restrictions or endorsements to the same address. Do not send any such communications to the Payment Processing Center.



P.O. Box 380902
Bloomington, MN 55438



September 09, 2018

KRISTEN L EMRICH
FL 336061459



Account Number: _____5520                    Hours of Operation: 8AM to 5PM CST
Account Balance: $156.84                                            Monday - Friday
                                                          800-241-0172

Dear Kristen L Emrich:

In prior correspondence, we advised you of your responsibility with regard to the balance of $156.84 on your account and of our willingness to work with you in this matter.

Your failure to respond to our previous letters is a matter of great concern to us. Therefore, we urge that you contact us without further delay at 800-241-0172. As a reminder, we will not release the title/security interest in your vehicle until the obligation is satisfied.

Sincerely,
Ally Financial

RECEIVED SEP 1 7 2018

982371-00733
Recovery LBT2 01

(Please detach and return)

RETURN THIS PORTION WITH PAYMENT. MAKE CHECKS PAYABLE TO ALLY.

ACCOUNT NUMBER: _____5520

☐ SEE REVERSE FOR CHANGE OF ADDRESS          Reference #  952672418

| Total Due Now  $156.84 |
| --- |
| Amount Enclosed: |

PAYMENT PROCESSING CENTER
P.O. BOX 78369
PHOENIX AZ 85062-8369

DO NOT SEND CASH OR POST DATED CHECKS. ALL CHECKS WILL BE DEPOSITED UPON RECEIPT. MAKE CHECKS PAYABLE TO ALLY.
RETURN THIS COUPON WITH YOUR PAYMENT TO THE ABOVE ADDRESS.

523 000952672418 0015684 4

**Notice About Credit Bureau Disputes**. If you disagree with information reported about your account to a credit bureau, you can contact the credit bureau directly. **Or, you can write to us at: P.O. Box 380901, Bloomington, MN, 55438-0901**

| CHANGE OF RESIDENCE ADDRESS | | |
|---|---|---|
| ☐ Buyer/Lessee | ☐ Co-Buyer/Co-Lessee | |
| Name: | | |
| Account Number: | | |
| Street Address: | | |
| City: | State: | Zip: |
| County: | | |
| Home Telephone: (   ) | Business Telephone: (   ) | |
| For a change of address, complete this form and return with payment. | | |
| Send any communication disputing amounts you owe to P.O. Box 380901, Bloomington, MN 55438-0901. Send any communications concerning instruments tendered as full satisfaction of a debt or with other special restrictions or endorsements to the same address. Do not send any such communications to the Payment Processing Center. | | |

# EXHIBIT H





PO Box 380901
Bloomington, MN 55438-0901

July 06, 2018

KRISTEN L EMRICH
SCOTT A EMRICH

█████████, FL 33606-1459

Account No.: ███████5520
Vehicle:  2015 HYUNDAI ELANTRA
VIN: ██████████6353
Balance Due:  $156.84

Dear KRISTEN L EMRICH and SCOTT A EMRICH:

We regret to report that we referred your account to our Asset Recovery Center because you did not pay
your payments.  The unpaid balance on your account now shows as a Charged-Off Loss on our records.
Under the terms of your contract, you are responsible for payment of this amount.

Please call the Asset Recovery Center at the number listed below to make arrangements to pay.

Sincerely,
Ally Financial
800-241-0172
allyauto.com

RECEIVED  JUL 1 6 2018

SAM Post-Charge Off - Matured (PAK)

# EXHIBIT I



P.O. Box 380902
Bloomington, MN 55438



July 10, 2018

KRISTEN L EMRICH

FL 336061459



Account Number: ████5520
Account Balance: $156.84

Hours of Operation: 8AM to 5PM CST
Monday - Friday
800-241-0172

Dear Kristen L Emrich:

This is a reminder that a balance of $156.84 remains due on your account. Previously, we expressed our willingness to work with you in satisfying this obligation. We would like to restate this. However, it is very important that suitable arrangements be made without further delay.

Please contact us at 800-241-0172 for assistance in this extremely important matter.

Sincerely,
Ally Financial

RECEIVED  JUL 1 6 2018

975108-00871
Recovery NP1 01

(Please detach and return)

RETURN THIS PORTION WITH PAYMENT. MAKE CHECKS PAYABLE TO ALLY.

ACCOUNT NUMBER: ████5520

☐ SEE REVERSE FOR CHANGE OF ADDRESS

Reference #   952672418

| Total Due Now   $156.84 |
| Amount Enclosed: |

PAYMENT PROCESSING CENTER
P.O. BOX 78369
PHOENIX AZ 85062-8369

DO NOT SEND CASH OR POST DATED CHECKS. ALL CHECKS WILL BE DEPOSITED UPON RECEIPT. MAKE CHECKS PAYABLE TO ALLY. RETURN THIS COUPON WITH YOUR PAYMENT TO THE ABOVE ADDRESS.

523 000952672418 0015684 4

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

## I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Kristen L. Emrich, Craig E Rothburd</u>
 Plaintiff
                vs.
<u>Ally Financial, Inc.</u>
Defendant

---

## II.    TYPE OF CASE

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
　　　☒   Monetary;
　　　☒   Non-monetary declaratory or injunctive relief;
　　　☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (     )**
　　　(Specify)

　　　4

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
　　　☐   Yes
　　　☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
　　　☒   No
　　　☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
　　　☒   Yes
　　　☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Craig E Rothburd        FL Bar No.: 49182
　　　Attorney or party　　　　　　　　　　　　　　　　　(Bar number, if attorney)

　　　Craig E Rothburd        01/14/2019
　　　　(Type or print name)　　　　　　　　　　　　　Date

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

**I.      CASE STYLE**

IN THE COUNTY COURT FOR THE
THIRTEENTH JUDICIAL CIRCUIT
IN HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

KRISTEN L. EMRICH,

      Plaintiff(s),                         CASE NO.:

v.                                             DIVISION:

ALLY FINANCIAL, INC.,

      Defendant.

**II.      TYPE OF CASE**

      (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an "x" in both the main category and subcategory boxes.

| | |
|---|---|
| ☐ Condominium | ☐ Non-Homestead Residential Foreclosure $250,000 or more |
| ☒ **Contracts and indebtedness** | ☐ Other Real Property Actions $0 - $50,000 |
| ☐ Eminent Domain | ☐ Other Real Property Actions $50,001 - $249,999 |
| ☐ Auto Negligence | ☐ Other Real Property Actions $250,000 or more |
| ☐ Negligence – other | ☐ Professional Malpractice |
|    ☐ Business Governance |    ☐ Malpractice - Business |
|    ☐ Business Torts |    ☐ Malpractice - Medical |
|    ☐ Environmental/Toxic Tort |    ☐ Malpractice – Other Professional |
|    ☐ Third Party Indemnification | ☐ Other |
|    ☐ Construction Defect |    ☐ Antitrust/Trade Regulation |
|    ☐ Mass Tort |    ☐ Business Transaction |
|    ☐ Negligent Security |    ☐ Constitutional Challenge – Statute or Ordinance |
|    ☐ Nursing Home Negligence |    ☐ Constitutional Challenge – Proposed Amendment |
|    ☐ Premises Liability - Commercial |    ☐ Corporate Trusts |
|    ☐ Premises Liability - Residential |    ☐ Discrimination – Employment or Other |
| ☐ Products Liability |    ☐ Insurance Claims |
| ☐ Real Property/Mortgage Foreclosure |    ☐ Intellectual Property |
|    ☐ Commercial Foreclosure $0 - $50,000 |    ☐ Libel/Slander |
|    ☐ Commercial Foreclosure $50,001 - $249,999 |    ☐ Shareholder Derivative Action |
|    ☐ Commercial Foreclosure $250,000 or more |    ☐ Securities Litigation |
|    ☐ Homestead Residential Foreclosure $0 - $50,000 |    ☐ Trade Secrets |
|    ☐ Homestead Residential Foreclosure $50,001 - $249,999 |    ☐ Trust Litigation |
|    ☐ Homestead Residential Foreclosure $250,00 or more | |
|    ☐ Non-Homestead Residential Foreclosure $0 - $50,000 | |
|    ☐ Non-Homestead Residential Foreclosure $50,001 - $249,999 | |

**III.  REMEDIES SOUGHT** (check all that apply):
☒  **Monetary;**
☒  **Non-monetary declaratory or injunctive relief;**
☐  Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (  4  )**
(Specify)      15 U.S.C. §1681n – Willful Violations; 15 U.S.C. §1681n – Negligent Violations;

Section 559.72, Florida Statues; Declaratory and Injunctive Relief

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐  Yes
☒  **No**

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒  **No**
☐  Yes – If "yes" list all related cases by name, case number and court:

**VI.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒  **Yes**
☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

DATED this 14th day of January 2019.

CRAIG E. ROTHBURD, P.A.

/s/  *Craig E. Rothburd*

CRAIG E. ROTHBURD, ESQ.-FBN: 0049182
Attorney for Plaintiff
File No.  6667